BASCH v. BERNSTEIN et al.

(Circuit Court, S. D. New York.  May 13, 1909.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—GARTER.

> The Dreyfus patent, No. 546,420, for a garter having a rubber lining with small protuberances thereon to engage the meshes of the fabric on which it is placed, was not anticipated and discloses invention; also *held* infringed.

> [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity.  On final hearing.

Chapin & Hayward, for complainant.

Hauff & Warland, for defendants.

NOYES, Circuit Judge.  This is a suit to restrain the alleged infringement of letters patent No. 546,420, granted September 17, 1895, to Bernhard Dreyfus, for an improvement in garters, and acquired through mesne assignments by the complainant.  The patentee thus states the object of his invention:

> "The object of my invention is to provide a new and improved garter, which is simple in construction and holds the article which it surrounds—such as a stocking, sleeve, etc.—firmly and securely in position without exerting undue, inconvenient, or unpleasant pressure on the leg, arm, or other part of the body on which said garter is applied."

The patent contains but a single claim, which follows:

> "In a garter, the combination, with a body piece, of elastic end pieces and fastening devices attached thereto, and a soft rubber lining on said body piece, which lining is provided on its exposed surface, throughout, with small protuberances, substantially as herein set forth."

The function of the "protuberances" of the claim—the real feature of the invention—is thus stated in the specifications:

> "The projections, such as the teats or ridges, on the rubber strip, engage the meshes of the stocking or other article on which the garter is applied, and are pressed a greater or less distance into the same, and thus hold the said article in place on the limbs or body."

The defenses are:

(1) Want of invention in view of the prior art.

(2) Noninfringement.

The device of the patent is a simple one—a slight advance over previous uses.  As stated in the patent itself:

> "Rubber surfaces provided with projections have been used with rubber boots and shoes."

But I think this must be regarded as a nonanalogous use.  The projections upon the soles of rubber boots help to prevent slipping; but they cannot be said even figuratively to engage the meshes of the ground, and soon wear off.  In the absence of all testimony, I am unable to say that it involved no invention to place the projections of the rubber boot upon the lining of a garter, and thereby accomplish the new result of holding a garment by engagement, as well as by pressure; and, if I cannot say this, I certainly cannot

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hold that any of the earlier patents cited against the patent in suit anticipate or show want of invention. In my opinion they cover devices much less like the device of the patent than the projections upon the soles of rubber shoes. Upon the proof as it stands I deem it my duty to sustain the validity of the patent.

The remaining question is one of infringement. The defendants' structure, like that manufactured by the complainant, is exactly in accordance with the drawings and specifications of the patent. They both have the longitudinal ridges shown in Figure 4. The defendants, however, claim that the complainant is not entitled to the structure so illustrated and described, because the ridges are not "small protuberances" within the meaning of the claim. Great stress is laid upon the presence of the word "small" in the claim. It is pointed out that the original claims presented to the Patent Office simply called for "protuberances," and that only after repeated rejections was the word "small" inserted; and attention is called to the rule that where a patentee has claimed something which has been rejected by the Patent Office, and he has acquiesced in such rejection, he cannot afterwards successfully contend that the claim as allowed should be construed to include that which was rejected. But this contention loses some force in the present case, for the reason that it does not appear that the patent was rejected at all because the word "small" was absent, or allowed because it was present. The patentee's application was rejected repeatedly by the examiners in the Patent Office, and he made several amendments, among which was the insertion of the word "small." Notwithstanding these amendments, the patent was rejected. The patentee then appealed to the Examiners in Chief, who allowed the patent; but it does not appear that they allowed it because the word "small" was in the claim, or would have rejected it if it had not been there. It is true that the patentee, in his argument before the Examiners in Chief, pointed out that the protuberances must be small enough to engage the meshes of the garment; but that was nothing more than was necessarily implied from the statement of the function of the projections in the patent.

I see nothing in the proceedings in the Patent Office to show that extraordinary emphasis should be laid upon the word "small." In my opinion it means projections of a size capable of engaging the fabric upon which the garter is placed. They must necessarily be relatively small. Indeed, I am inclined to think that the complainant is right in his contention that the patentee used the qualification "small" to distinguish the protuberances which he claimed from the comparatively large projections shown in the Latham patent (cited against him in the Patent Office), and which obviously could not engage the meshes of a garment.

The patent is adjudged to be valid and infringed, and a decree may be entered in favor of the complainant for an injunction, an accounting, and costs. The case is not, however, free from doubt, and if the defendants desire to appeal, and will do so promptly, the operation of the injunction will be suspended, pending appeal, upon filing a bond, the amount of which will be determined upon application.